IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TECHNOLOGY LICENSING )
CORPORATION, )
 )
      Plaintiff, )
 )
 v. ) No. 11 C 8544
 )
PELCO, INC., )
 )
      Defendant. )

MEMORANDUM ORDER

Pelco, Inc. ("Pelco") has filed its Answer and Counterclaims to the patent infringement complaint brought against it by Technology Licensing Corporation ("Technology Licensing"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.[1]

First, each of Answer ¶¶3, 5 and 6 follow a proper (at least in technical terms) invocation of the disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5) as the predicate for getting the benefit of a deemed denial--but that language is then followed immediately by the phrase "and therefore denies those allegations." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?

---

[1] In candor, the matters dealt with in the text suggest the need for more in-house lawyer training by the prominent law firm that represents Pelco.

Accordingly the quoted phrase is stricken from each of those paragraphs of the Answer.

Next this Court turns to the asserted affirmative defenses ("ADs") that follow the Answer itself. They too present some problems:

1. AD 1 asserts noninfringement, but in doing so it violates the fundamental nature of an AD as accepting all of the allegations of a complaint but then going on to explain why defendant is nevertheless not liable (or perhaps, as in the case of comparative negligence, may be liable for less than the plaintiff claims)--see, e.g., App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). In this instance AD 2 is directly at odds with Complaint ¶¶7 and 8, and so it is stricken.

2. AD 3 is an impermissible laundry list that gives no clue as to the grounds for any of the contentions set out there. Under the federal system, notice pleading is incumbent on defendants as well as plaintiffs, so AD 3 is stricken without prejudice to the potential reassertion and presentment of any of the listed defenses if accompanied by suitable fleshed-out support.

Finally, this Court would appreciate a brief explanation, at the next status hearing, of the reason that patent infringement cases so often spawn counterclaims seeking declaratory

judgments--counterclaims that are nothing more than the flipside of the complaints involved. That practice cannot stem from any requirement in 35 U.S.C. §285, which Pelco's counsel cite as supporting part of the relief sought, for that provision permits the award of fees to the "prevailing party" without reference to which side of the "v." sign that party occupies.

                              _____
                              Milton I. Shadur
                              Senior United States District Judge

Date: March 5, 2012